# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| PLACID REFINING COMPANY LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 6:23-CV-00435 |
| § | |
| JA DAKIS CAPITAL, LLC and PETROS § | |
| KALAMARAS, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Placid Refining Company LLC, ("Placid" or "Plaintiff'), files its First Amended Complaint against Defendants JA Dakis Capital, LLC', dba Global Oil Bunkering ("Dakis") and Petros Kalamaras, (collectively "Defendants") for damages and other relief as follows:

### I.   INTRODUCTION

1.   This is a suit on a sworn account. Upon best information, there are no disputes as to any of the claims asserted by Placid Refining Company LLC, for the entirety of the unpaid invoices in the total amount of $446,008.60. This litigation is necessary due to Dakis communicating, through its attorney to Placid that it cease and desist efforts to contact Dakis.

### II.   DISCOVERY, PARTIES, JURISDICTION, AND VENUE

2.   Placid Refining Company LLC, Plaintiff, is a foreign limited liability company organized and existing under the laws of the State of Delaware and is properly registered and authorized to do business in the State of Texas.

3.   JA Dakis Capital, LLC, is a foreign limited liability company organized and existing under the laws of the State of Florida. JA Dakis Capital , LLC may be cited by serving its registered agent for service of process, Paracorp Incorporated, at 14001 W HWY 29, Suite 102,

1

Liberty, Hill, Texas 78642, or Dakis' President, Vice-President or Manager, wherever they may be found. Dakis has appeared in this matter.

4. Petros Kalamaras is a natural person residing in the State of Florida at 20940 Uptown Avenue, APT 202, Boca Raton, Florida, 33428. Petros Kalamaras does not maintain a residence or business in Texas. The causes of action asserted arose from or are connected with systematic and continuous contacts, and purposeful actions committed by Petros Kalamaras, in Texas. Defendant Petros Kalamaras has appeared in this matter.

5. The Court has jurisdiction over the lawsuit because the amount in controversy exceeds the minimum jurisdictional limits of this Court and there is complete diversity between the parties.

6. Venue is proper in Gregg County, Texas, under Tex. CIV. PRAC. & REM. CODE § 15.002(a)(3) because this county is the county of the principal office of JA Dakis Capital, LLC dba Global Oil Bunkering.

### III.  FACTS AND OVERVIEW

7. Plaintiff is in the business of providing fuel to resellers. Plaintiff provided valuable diesel fuel to Dakis, as attested to in the Affidavit of Plaintiffs agent, attached hereto as **Exhibit "A",** in connection with Dakis' work. Between May 30, 2023 and June 10, 2023, Plaintiff provided the fuel to Dakis on an open account. Attached hereto as **Exhibit A-1** are copies of the unpaid invoices, in the amount of S446, 008.60, and incorporated herein by reference herein and made part of this claim. Plaintiff provided diesel fuel pursuant to a Credit Agreement attached hereto as **Exhibit A-2.** The Credit Agreement was executed on or about September 21, 2022. Defendant Petros Kalamaras executed a personal guaranty for the purchases. *See* **Exhibit A-3.**

8. Defendants have failed to pay for the invoiced diesel fuel. The fuel was sold and delivered to Dakis at the prices indicated therein, the prices being the reasonable market value and

the agreed price between the parties. This account represents a transaction of which a systematic record has been kept.

9. Pursuant to Rule 185, Tex. R. Civ. P., the claim on account is supported by the affidavit of the party's agent, attached as **Exhibit A,** showing that the claim is within the personal knowledge of the affiant is just and true, that it is due, and that all just and lawful offsets, payments, and credits have been allowed.

10. Dakis accepted each of the diesel fuel delivery shown on the invoices and agreed and promised to pay Plaintiff the total sum of FOUR HUNDRED FORTY-SIX THOUSAND EIGHT DOLLARS and SIXTY CENTS (S446,008.60), exclusive of interest, attorney fees, and costs. After all just and lawful offsets, payments, and credits have been allowed and applied to the account $446,008.60 remains due and unpaid as of the date of filing this Complaint. *See* **Exhibits A and A-1.**

11. Defendants have failed and refused, and continues to fail and refuse, to pay Plaintiff despite demands for the balance owing on the account, all to Plaintiff's damage in the sum of $446,008.60, plus interest, attorney's fees, and court costs.

### IV.  CAUSES OF ACTION

**A.  BREACH OF CONTRACT (Against Defendants)**

12. Defendant' failure to pay Plaintiff for the valuable diesel fuel constitutes a breach of the contract, under which Defendants agreed to remit payment to Plaintiff for the fuel. *See* **Exhibit A, A-1, A-2, and A-3.**

13. As a natural and probable result of, or as a proximate result of, the breach of contract by Defendants, Plaintiff has suffered actual foreseeable damages in the total sum of $446,008.60. Plaintiff does hereby, pursuant to this breach of contract, sue and assert its claim

for all such damages, including attorneys' fees, plus all pre-judgment and post-judgment interest allowed by law.

**B.   SWORN ACCOUNT CLAIM (Against Dakis)**

14.   Plaintiff seeks to recover its damages based upon its sworn account. Dakis' conduct constitutes a refusal and failure to pay the balance owing on the verified account as shown on the invoices attached as **Exhibit A-1,** and sworn to in the Affidavit of the party's agent attached hereto as **Exhibit A.** Said verified account is a liquidated money demand, and a systematic record of account, incorporating charges submitted to Dakis and is a record of business dealings between Plaintiff and Dakis. After allowing all just and lawful offsets, payments, and credits on said account, the sum of $446,008.60, the entire amount, together with all lawful interest and incidental damages remains due. Dakis has failed to pay a single penny owed to Plaintiff in exchange for diesel fuel.

15.   At the time Plaintiff rendered the invoiced diesel fuel, the reasonable market value of such was the amounts charged. As a natural and probable result of, or as a proximate result of Dakis' failure and refusal to pay said account with Plaintiff, it has suffered actual damages in the total sum of $446,008.60. Plaintiff hereby pursuant to this alternative sworn account claim, asserts its claim for all such damages, attorneys' fees, plus all prejudgment and post-judgment interest allowed by law.

**C.   QUANTUM MERUIT CLAIM (Against Defendants)**

16.   In the alternative, and without waiving or limiting allegations, Plaintiff is entitled to recover its damages upon the theory of quantum meruit. Specifically, Defendants received the benefit of the diesel fuel furnished by Plaintiff as shown on **Exhibit A-1**, and Plaintiff used the invoices and Credit Agreement to notify Defendants that Plaintiff expected to be paid. See **Exhibit A-2.**

17. Defendants accordingly and by implication agreed to pay Plaintiff the reasonable value of the invoiced diesel fuel, and the reasonable value of the diesel fuel furnished by Plaintiff, which remains due and unpaid, is the sum of $446,008.60. Plaintiff, pursuant to this alternative quantum meruit claim, sues and asserts its claim against Defendants for all of such damages.

**D.     SUIT ON GUARANTOR CLAIM (Against Kalamaras)**

18. Plaintiff seeks to also recover from Defendant **Petros Kalamaras** in his individual capacity as Personal Guarantor. Defendant Petros Kalamaras executed a personal guaranty for the purchases. *See* **Exhibit A-3.** Defendant Petros Kalamaras agreed to repay the amount paid by the Plaintiff as indicated on the Personal Guaranty and failed to pay accordingly.

## V.     ATTORNEYS' FEES AND COSTS

19. Plaintiff is entitled to recover reasonable attorneys' fees under sworn account or breach of contract, pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 *et. seq.*, Plaintiff, presented invoices to Dakis for Plaintiffs claim and waited until invoices were delinquent to file this lawsuit. Defendants failed to tender the amount owed. Accordingly. Plaintiff further seeks recovery of and from Defendants for reasonable attorneys' fees.

## VI.     CONDITIONS PRECEDENT

20. All conditions precedent to Plaintiff's claims for relief have been satisfied, performed, excused, or waived.

## VII.     PRAYER

21. Plaintiff, Placid Refining Company LLC, respectfully requests that the Court enter judgment against **JA Dakis Capital, LLC, dba Global Oil Bunkering** and **Petros Kalamaras,** jointly and severally as follows:

   1. Award Plaintiff actual damages consisting of $446,008.60, and as being the amount due on the account;

2. Award Plaintiff all pre judgment interest and post-judgment interest thereon as allowed by law at the highest rate allowed by law, and all costs of Court and expenses to bring this action;

3. Award Plaintiff its reasonable attorneys' fees;

4. Award Plaintiff costs of suit; and

5. Award Plaintiff such other and further relief, general or special, at law or in equity to which Plaintiff may be justly entitled.

Dated: September 15, 2023.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kiara C. Gradney*
    Kiara C. Gradney
    State Bar No. 24097754
    kgradney@krcl.com

Kane Russell Coleman Logan PC
5151 San Felipe, Suite 800
Houston, Texas 77056
Phone: (713) 425-7400
Fax: (713) 425-7700

    Brian W. Clark
    State Bar No. 24032075
    bclark@krcl.com

Kane Russell Coleman Logan PC
901 Main Street, Suite 5200
Dallas, Texas 75202
Phone: (214) 777-4200
Fax: (214) 777-4299

**ATTORNEYS FOR PLAINTIFF,
PLACID REFINING COMPANY,
LLC**